IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

KEVIN ROSS                                                                                           PLAINTIFF

V.                                       NO. 3:20-CV-00327-JTK

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                          DEFENDANT

**ORDER**

I. **Introduction**:

Plaintiff, Kevin Ross ("Ross"), applied for disability benefits on August 30, 2018, alleging a disability onset date of January 1, 2017. (Tr. at 10). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ross's application on April 22, 2020. (Tr. at 17). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ross has requested judicial review.

For the reasons stated below, the Court[1] affirms the decision of the Commissioner.

II. **The Commissioner's Decision**:

The ALJ found that Ross had not engaged in substantial gainful activity from the alleged onset date of January 1, 2017 through the date-last insured of September 30, 2017.[2] (Tr. at 12). The ALJ found, at Step Two, that Ross had the following severe impairments: degenerative joint

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

disease (left leg) and degenerative disc disease of the lumbar spine with nerve root compression. *Id*.

After finding that Ross's impairments did not meet or equal a listed impairment (Tr. at 13), the ALJ determined that Ross had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with exceptions: he could not use his left foot for operating foot controls and could not be exposed to hazards such as unprotected heights, electrical shock, or dangerous equipment, tools, or materials. *Id*.

At Step Four, the ALJ found that Ross was unable to perform any past relevant work. (Tr. at 16). At Step Five, the ALJ relied upon the testimony of a Vocational Expert (VE) to find that, considering Ross's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that he could perform. (Tr. at 17). Therefore, the ALJ found that Ross was not disabled. *Id.*

### III. **Discussion**:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence

would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

   B. Ross's Arguments on Appeal

Ross contends that evidence supporting the ALJ's decision to deny benefits is less than substantial. He argues that the ALJ did not properly evaluate Ross's subjective complaints. For the following reasons, the Court finds that substantial evidence supports the ALJ's decision.

Ross suffered from back pain, and lumbar x-rays and lumbar MRI showed severe degenerative changes, foraminal narrowing, and nerve root compression. (Tr. at 248-250, 299-300). He also had leg pain and recurring cellulitis in his leg, but the ALJ held that the cellulitis, which occurred about once a year, did not meet the 12-month durational requirement for disability purposes. (Tr. at 13, 258-260, 410, 456-466).

Per his doctor's recommendation, Ross attended physical therapy for his back and leg pain in 2016 and 2017. (Tr. 420-428). His therapist recommended core strengthening and aquatic therapy. *Id*. A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Ross was discharged from physical therapy in February 2017 because he had met his therapy goals. (Tr. at 359-364,

420). Ross reported he could walk increased distances without leg or back pain. (Tr. at 364). He indicated plans to begin exercising and join a gym. (Tr. at 363). Ross underwent only conservative treatment, consisting of physical therapy, injections, and medication management. The need for only conservative treatment contradicts allegations of disabling conditions. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993). Treatment helped with pain. Ross did not seek surgical intervention.

Ross contends that the ALJ failed to properly evaluate his subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*.

First, the ALJ discussed the very short medical record, with references to objective testing. (Tr. at 14-16). He also asked Ross about side effects from medication at the hearing. (Tr. at 41). He wrote about Ross's allegations of pain and the limitations he experienced. (Tr. at 14-17). The ALJ wrote about generally normal physical clinical examinations. *Id*. Finally, he detailed the fact that Ross admitted he could shop, walk his dog, perform household chores, and drive. *Id*. Such daily activities undermine his claims of disability. *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

The medical record was thin, and did not show that Ross pursued aggressive treatment. He

met his physical therapy goals. No doctor placed any restriction on him. And he could perform daily activities. The ALJ fairly examined and discussed the record as a whole.

### IV.   Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ properly assessed Ross's subjective complaints. The finding that Ross was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 8th day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE